No. 22-3781

---

**IN THE UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

---

LYLE HEYWARD,

Plaintiff-Appellant,

v.

HEATHER COOPER, ET AL,

Defendants-Appellees.

---

**CORRECTED BRIEF ON BEHALF OF THE DEFENDANTS-APPELLEES
HEATHER COOPER AND ALLYSA DAMSCHRODER**

---

Submitted by:

Michelle A. Thomas (P35135)
*Dickie, McCamey & Chilcote, P.C.*
89 Kercheval Avenue
Grosse Pointe Farms, MI  48236
313.303.2041 (phone)
888.811.7144 (fax)
mathomas@dmclaw.com

Kristin L. Wedell (0072500)
*Dickie, McCamey & Chilcote, P.C.*
600 Superior Avenue East
Fifth Third Center, Suite 2330
Cleveland, Ohio 44114
216.685.1827 (phone)
888.811.7144 (fax)
kwedell@dmclaw.com

16196335.1

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

# Disclosure of Corporate Affiliations and Financial Interest

Sixth Circuit
Case Number: 22-3781                    Case Name:  Heyward v Cooper et al

Name of counsel:  Michelle A. Thomas

Pursuant to 6th Cir. R. 26.1,  Heather Cooper and Allysa Damschroder
                                                   Name of Party

makes the following disclosure:

1.      Is said party a subsidiary or affiliate of a publicly owned corporation?  If Yes, list below the identity of the parent corporation or affiliate and the relationship between it and the named party:

> No.

2.      Is there a publicly owned corporation, not a party to the appeal, that has a financial interest in the outcome?  If yes, list the identity of such corporation and the nature of the financial interest:

> Yes.  Aramark Correctional Services, LLC, the self-insured employer of Defendants Cooper and Damschroder.

---

## CERTIFICATE OF SERVICE

I certify that on ____April 13, 2023,_____ the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by placing a true and correct copy in the United States mail, postage prepaid, to their address of record.

s/ Michelle A. Thomas

---

This statement is filed twice:  when the appeal is initially opened and later, in the principal briefs, immediately preceding the table of contents.  See 6th Cir. R. 26.1 on page 2 of this form.

6CA-1
8/08

Page 1 of  2

6th Cir. R. 26.1
DISCLOSURE OF CORPORATE AFFILIATIONS
AND FINANCIAL INTEREST

(a)   Parties Required to Make Disclosure.   With the exception of the United States government or agencies thereof or a state government or agencies or political subdivisions thereof, all parties and amici curiae to a civil or bankruptcy case, agency review proceeding, or original proceedings, and all corporate defendants in a criminal case shall file a corporate affiliate/financial interest disclosure statement.  A negative report is required except in the case of individual criminal defendants.

(b)  Financial Interest to Be Disclosed.

(1)  Whenever a corporation that is a party to an appeal, or which appears as amicus curiae, is a subsidiary or affiliate of any publicly owned corporation not named in the appeal, counsel for the corporation that is a party or amicus shall advise the clerk in the manner provided by subdivision (c) of this rule of the identity of the parent corporation or affiliate and the relationship between it and the corporation that is a party or amicus to the appeal.  A corporation shall be considered an affiliate of a publicly owned corporation for purposes of this rule if it controls, is controlled by, or is under common control with a publicly owned corporation.

(2) Whenever, by reason of insurance, a franchise agreement, or indemnity agreement, a publicly owned corporation or its affiliate, not a party to the appeal, nor an amicus, has a substantial financial interest in the outcome of litigation, counsel for the party or amicus whose interest is aligned with that of the publicly owned corporation or its affiliate shall advise the clerk in the manner provided by subdivision (c) of this rule of the identity of the publicly owned corporation and the nature of its or its affiliate's substantial financial interest in the outcome of the litigation.

(c)   Form and Time of Disclosure.   The disclosure statement shall be made on a form provided by the clerk and filed with the brief of a party or amicus or upon filing a motion, response, petition, or answer in this Court, whichever first occurs.

## TABLE OF CONTENTS

**TABLE OF CONTENTS**................................................................................................................ ..i

**TABLE OF AUTHORITIES**........................................................................................... iii

**COUNTER-STATEMENT OF ISSUES PRESENTED**.......................................................1

**COUNTER-STATEMENT OF THE CASE**........................................................................2

**COUNTER-STATEMENT OF STANDARDS OF APPELLATE REVIEW**.................15

**SUMMARY OF COUNTER-ARGUMENTS**....................................................................18

**COUNTER-ARGUMENT I** ......................................................................................... 20

THE COURT OF APPEALS IS ENTITLED TO <u>SUMMARILY AFFIRM</u> THE DISTRICT COURT'S DECISION TO GRANT THE MOTION TO DISMISS FILED ON BEHALF OF THE DEFENDANTS COOPER AND DAMSCHRODER BECAUSE PLAINTIFF'S FAILURE TO RESPOND TO THE DEFENDANTS' *RULE 12(b)(6)* MOTION CONSTITUTES A <u>WAIVER OR FORFEITURE</u> OF ARGUMENTS THAT THE DISMISSAL WAS IMPROPER

**COUNTER-ARGUMENT II**.............................................................................................24

PLAINTIFF FAILED TO PERFECT *RLUIPA* CLAIMS AGAINST THE DEFENDANTS COOPER AND DAMSCHRODER BECAUSE, AS A MATTER OF SETTLED LAW, THESE DEFENDANTS <u>CANNOT</u> BE HELD INDIVIDUALLY LIABLE FOR THE RELIEF SOUGHT BY PLAINTIFF AND, IN ANY EVENT, PLAINTIFF FAILED TO ALLEGE, WITH SUFFICIENT FACTUAL DETAIL, THAT DAMSCHRODER AND COOPER INTENTIONALLY CREATED SUBSTANTIAL BURDENS UPON THE EXERCISE OF PLAINTIFF'S RELIGIOUS BELIEFS AND HAD CONTROL OR AUTHORITY OVER THE ALLEGED NEGATIVE IMPACTS UPON PLAINTIFF'S RELIGIOUS OBSERVANCES

**COUNTER-ARGUMENT III**.............................................................................................35

PLAINTIFF HAS INDEPENDENTLY <u>WAIVED</u> APPELLATE REVIEW OF THE DISTRICT COURT'S DISMISSAL OF THE EQUAL PROTECTION CLAIMS AGAINST THE DEFENDANTS COOPER AND DAMSCHRODER BY PROFFERING PURELY PERFUNCTORY ARGUMENTS, HAS SEPARATELY <u>ABANDONED</u> ARGUMENTS OF REVERSIBLE ERROR BY FAILING TO CHALLENGE THE ORDER OF DISMISSAL ENTERED IN FAVOR OF THE DEFENDANTS COOPER AND DAMSCHRODER, PLUS, IN ANY EVENT, DISMISSAL WAS PROPER, AS A MATTER OF SETTLED LAW, BECAUSE PLAINTIFF

<u>FAILED</u> TO ALLEGE, WITH THE REQUISITE FACTUAL DETAIL, THAT COOPER AND DAMSCHRODER <u>INTENTIONALLY</u> DISCRIMINATED AGAINST HIM

**CONCLUSION AND RELIEF REQUESTED**..................................................................................................42

**ADDENDUM** ..............................................................................................................................I

# TABLE OF AUTHORITIES

## Cases

*16630 Southfield Ltd. P'Ship v Flagstar Bank, F.S.B.*
727 F.3d 502 (6th Cir. 2013) ..................................................................................................17

*Abdullah v Fard*
1999 U.S. App. LEXIS 1466, *1 (6th Cir. No. 97-3935, 1/28/99) .........................29, 33, 40, 43

*Abdur-Rahman v Mich. Dep't of Corr.*
65 F.3d 489 (1995) ....................................................................................................... 29, 33

*Ackerman v Washington*
18 F.4th 170 (6th Circuit, 2021) ...............................................................19, 27, 28, 29, 33, 34

*Akaazua v Walker Novack Legal Grp, LLC*
2021 U.S. App. LEXIS 603, *3 (6th Cir. No. 19-2183, 1/8/21)
cert. den., 142 S.Ct. 448, 211 L.Ed.2d 264 (2021)................................................. 23, 24, 35

*Allstate Ins. Co. v Global Med. Billing, Inc.,*
520 Fed. Appx. 409, 2013 U.S. App. LEXIS 7277, *9-12, 2013 FED App. 0364N
(6th Cir. No. 12-1263, 4/8/13) .................................................................................... 22, 24, 35

*Ashcroft v Iqbal*
556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) ...........................17, 18, 25, 36, 41, 43

*Baxter v Select Portfolio Servicing, Inc.*
2020 U.S. App. LEXIS 18924, * 3-4 (6th Cir. NO. 19-6067, 1/16/20) ....................... 22, 24, 35

*Begala v PNC Bank, Ohio, N.A.*
214 F.3d 776 (6th Cir. 2000) ................................................................................................ 35

*Bell Atlantic Corp. v. Twombly*
550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) ..................................17, 18, 36, 41, 43

*Beydoun v Sessions*
871 F.3d 459 (6th Cir. 2017) .............................................................................................. 35

*Brand v Motley*
526 F.3d 921 (6th Cir. 2008) .................................................................................... 39, 41, 43

*Cavin v Mich. Dep't of Corr.*
927 F.3d 455 (6th Cir. 2019) ........................................................................................ 28, 33

*Cutter v Wilkinson*
544 U.S. 709, 125 S.Ct. 2113, 161 L.Ed.2d 1020 (2005) ..............................27, 28, 31, 32, 33

*Depasquale v Nationwide Mut. Ins. Co.*
2022 FED App. 0143N, 2022 U.S. App. LEXIS 9243, *18-19
(6th Cir. No. 21-3467, 4/5/22) .......................................................................................... 35

*Doe v Cong. of U.S.,*
891 F.3d 578 (6th Cir. 2018) ...................................................................19, 28, 33, 36, 41, 43

*Doe v Mich. State Univ.*
989 F.3d 418 (6th Cir. 2021) ................................................................................. 17, 30, 38, 43

*Estelle v Gamble*
429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976) ................................................... 18, 33, 43

*Fox v Washington*
949 F.3d 279 (6th Cir. 2020) .......................................................................................... 19, 28

*Grinter v Knight*
532 F.3d 567 (6th Cir. 2008) ..........................................................................18, 19, 33, 41, 43

*Haight v Thompson*
763 F.3d 554 (6th Cir. 2014) ...........................................................................28, 29, 30, 33

*Haines v Ford Motor Carrier Safety Admin.*
814 F.3d 417 (6th Cir. 2016) ....................................................................................... 22, 24, 35

*Haines v Kerner*
404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) ............................................................ 18

iv

*Handy-Clay v City of Memphis*
695 F.3d 531 (6th Cir. 2012) ..................................................................................... 18, 36, 43

*Harbin-Bey v Rutter*
420 F.3d 571 (6th Cir. 2005) ..................................................................................... 19, 33, 43

*HDC, LLC v City of Ann Arbor*
675 F.3d 608 (6th Cir. 2012) ........................................................................................... 17

*Hernandez v Simmons*
2020 U.S. App. LEXIS 29233, *10 (6th Cir. No. 19-5344, 9/14/20) ................................ 39, 43

*Heyerman v County of Calhoun*
680 F.3d 642 (6th Cir. 2012) ..................................................................................... 40, 41, 42

*Holt v Hobbs*
574 U.S. 352, 135 S.Ct. 853, 190 L.Ed.2d 747 (2015) ............................................. 27, 31, 33

*Humphrey v U.S. Att'y Gen's Office*
279 Fed. Appx 328; 2008 U.S. App. LEXIS 10730, * 8-9, 2008 FED App. 0261N
(6th Cir. No. 07-3740, 5/15/08) .................................................................................... 23, 24, 35

*In re Omicare, Inc. Sec. Litig.*
769 F.3d 455 (6th Cir. 2014) .............................................................................................. 28

*J.B-K. v Sec'y of Ky. Cabinet for Health & Family Servs.*
48 F.4th 721 (6th Cir. 2022) .......................................................................................... 30, 38

*KSA Enters. v Branch Banking & Trust Co*
761 Fed. Appx 456, 2019 U.S. App. LEXIS 1198, *15, 2019 FED App. 0021N
(6th Cir. No. 17-6132, 1/14/19) .................................................................................... 22, 24, 35

*Kuyat v BioMimetic Therapeutics, Inc.*
747 F.3d 435 (6th Cir. 2014) .............................................................................................. 35

*Livingston Christian Schools v Genoa Charter Twp.*
858 F.3d 996, 1009 (6th Cir. 2017) ................................................................................. 28, 33

*Louisiana School Employees Ret. Sys. v Ernst & Young, LLP*
622 F.3d 471 (6th Cir. 2010) .......................................................................................... 35, 36

*Martin v Overton*
391 F.3d 710 (6th Cir. 2004) ............................................................................18, 19, 33, 41, 43

*Maye v Klee*
915 F.3d 1076 (6th Cir. 2019) ................................................................................39, 40, 41, 43

*McPherson v Kelsey*
125 F.3d 989 (6th. Cir. 1997) ............................................................................................... 38

*Overstreet v Lexington-Fayette Urban County Gov't*
305 F.3d 566 (6th Cir. 2002) ......................................................................................... 22, 24, 35

*Pilgrim v Littlefield*
92 F.3d 413 (6th Cir. 1996) ...............................................................18, 19, 23, 24, 33, 35, 43

*Robinson v Jackson*
615 Fed. Appx. 310, 2015 FED App. 0446N, 2017 U.S. App. LEXIS 10208
(6th Cir. No. 14-4107) ...........................................................................................29, 33, 39, 43

*Rose v State Farm Fire & Cas. Co.*
766 F.3d 532 (6th Cir. 2014) ............................................................................................ 30, 38

*Ryan v Blackwell*
979 F.3d 519 (6th Cir. 2020) ...............................................................................17, 18, 36, 41, 43

*SFS Check, LLC v First Bank of Delaware*
774 F.3d 351 (6th Cir. 2014) ..................................................................................... 18, 36, 43

*Shah v Univ. of Toledo,*
___ F.4th ___, 2022 U.S. App. LEXIS 16602, *6-7
(6th Cir. No. 21-4153, 6/15/22) ......................................................17, 18, 25, 36, 40, 41, 42, 43

*Smith v GM, LLC*
988 F.3d 873 (6th Cir. 2021) ...................................................................................... 18, 36, 43

*Spurlock v Fox*
716 F.3d 383 (6th Cir. 2013) ...................................................................................... 40, 41, 43

*Thompson v Commonwealth of Ky.*
712 F.2d 1078 (6th Cir. 1983) ........................................................................................ 40, 43

*U.S. v Johnson*
440 F.3d 832 (6th Cir. 2006) ................................................................................................. 38

*U.S. ex rel. Roycroft, GEO Grp., Inc.*
722  Fed. Appx 404, 409, 2018 FED App. 0003N, 2018 U.S. App. LEXIS 85
(6th Cir. NO. 17-3521, 1/3/18) .............................................................................................. 36

*Vill. of Arlington Hgts. v Metro Hous. Dev. Corp.*
429 U.S. 252, 97 S.Ct. 555, 50 L.Ed.2d 450 (1977)............................................39, 40, 41, 43

*Welch v Spaulding*
627 Fed. Appx. 479, 2015 FED App. 0664N, 2015 U.S. App. LEXIS 17393
(6th Cir. No. 14-2050, 9/30/15) .............................................................................................. 33

*Wells v Brown*
891 F.2d 591 (6th Cir. 1989), reh den (1/19/90)..................................................19, 23, 33, 43

*Werche v Combs*
763 F.3d 500 (6th Cir. 2014).................................................................................19, 33, 41, 43

*Wolff v McDonald*
416 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974)...................................................... 39, 43

*ZF Menton, LLC, v Eaton Corp.*
696 F.3d 254 (3rd Cir. 2012)................................................................................... 22, 24, 35

## Constitutional Provisions

*Due Process Clause* ...........................................................................................................15

*Eighth Amendment* to the *U.S. Constitution*............................................................................4, 15

*Equal Protection Clause* ................................ 2, 12, 14, 15, 16, 20, 21, 37, 38, 39, 40, 41, 43

*First Amendment to the U.S. Constitution* ....................................................................4, 6, 13, 14, 15, 16

*First Amendment Free Exercise Clause* .................................................................. 12, 15, 33

*Fourteenth Amendment to the U.S. Constitution* .................................................................4, 6, 39

*Religious Land Use Institutionalized Persons Act ("RLUIPA")*..............................1, 3, 4, 6, 10, 12, 13, 15, 19, 20, 26, 27, 28, 29, 30, 33, 34, 36

*Sherman Antitrust Act* .................................................................................................... 4, 11, 14

*U.S. Const. amend XIV, §1*................................................................................................. 39

*Valentine Act* .................................................................................................................... 4, 11, 14

**Statutes**

*28 U.S.C. §1915 (a)(3)*.........................................................................................................15

*42 U.S.C. §1983* .................................................................................................................12

*42 U.S.C. §2000cc*............................................................................................................ 27

*42 U.S.C. §2000cc-2(a)* .................................................................................................... 30

**Court Rules**

*Fed. R. Civ. Pro. 8(a)(2)*....................................................................................................17, 19

*Fed. R. Civ. Pro. 12(b)(6)*............................ 1, 3, 12, 14, 17, 18, 19, 20, 22, 23, 24, 35, 36, 44

*Local Civil Rule 7.1(d)*...................................................................................................... 23

*Rule 12(c)* ......................................................................................................................... 23

16149085.1

## COUNTER-STATEMENT OF ISSUES PRESENTED:

### ISSUE I:

IS THE COURT OF APPEALS ENTITLED TO SUMMARILY AFFIRM THE DISTRICT COURT'S DECISION TO GRANT THE MOTION TO DISMISS FILED ON BEHALF OF THE DEFENDANTS COOPER AND DAMSCHRODER GIVEN THAT PLAINTIFF'S FAILURE TO RESPOND TO THE DEFENDANTS' *RULE 12(b)(6)* MOTION CONSTITUTES A WAIVER OR FORFEITURE OF ARGUMENTS THAT THE DISMISSAL WAS IMPROPER?

### ISSUE II:

DID PLAINTIFF FAIL TO PERFECT *RLUIPA* CLAIMS AGAINST THE DEFENDANTS COOPER AND DAMSCHRODER BECAUSE, AS A MATTER OF SETTLED LAW, THESE DEFENDANTS CANNOT BE HELD INDIVIDUALLY LIABLE FOR THE RELIEF SOUGHT BY PLAINTIFF AND, IN ANY EVENT, DID PLAINTIFF FAIL TO PLEAD, WITH THE REQUISITE FACTUAL DETAIL, THAT DAMSCHRODER AND COOPER INTENTIONALLY CREATED SUBSTANTIAL BURDENS UPON THE EXERCISE OF PLAINTIFF'S RELIGIOUS BELIEFS AND HAD CONTROL OR AUTHORITY OVER THE ALLEGED NEGATIVE IMPACTS UPON PLAINTIFF'S RELIGIOUS OBSERVANCES?

### ISSUE III:

HAS PLAINTIFF INDEPENDENTLY WAIVED APPELLATE REVIEW OF THE DISTRICT COURT'S DISMISSAL OF THE EQUAL PROTECTION CLAIMS AGAINST THE DEFENDANTS COOPER AND DAMSCHRODER BY PROFFERING PURELY PERFUNCTORY ARGUMENTS, HAS PLAINTIFF SEPARATELY ABANDONED ARGUMENTS OF REVERSIBLE ERROR BY FAILING TO CHALLENGE THE ORDER OF DISMISSAL ENTERED IN FAVOR OF THE DEFENDANTS COOPER AND DAMSCHRODER, PLUS, IN ANY EVENT, WAS DISMISSAL PROPER, AS A MATTER OF SETTLED LAW, BECAUSE PLAINTIFF FAILED TO ALLEGE, WITH THE REQUISITE FACTUAL DETAIL, THAT COOPER AND DAMSCHRODER INTENTIONALLY DISCRIMINATED AGAINST HIM?

## <u>COUNTER-STATEMENT OF THE CASE</u>

On October 25, 2019, Plaintiff Lyle M. Heyward, appearing *pro se,* filed a complaint with the U.S. District Court for the Northern District of Ohio, on behalf of himself, thirteen other named individuals, and numerous other unidentified Muslim inmates incarcerated at the Allen Oakwood Correctional Institution ("AOCI"), a correctional facility operated by the State of Ohio [Complaint, Doc. #1, PgID 1-19]. The Complaint seeks to impose liability under several legal theories, to wit:

- retaliation for the exercise of rights protected under the *First* and *Fourteenth Amendments to the U.S. Constitution;*

- falsification of official records;

- religious discrimination and the placement of undue burdens upon the exercise of religious beliefs, in violation of the *First* and *Fourteenth Amendments to the U.S. Constitution* and the *Religious Land Use and Institutionalized Persons Act ("RLUIPA");*

- cruel and unusual punishment in violation of the *First, Eighth,* and *Fourteenth Amendments to the U.S. Constitution;*

- failure to properly train and acquiescence on the part of high ranking prison officials; and,

- violation of the Ohio *Valentine Act* and the *Sherman Antitrust Act.*

[Id., PgID 1-2]

The named Defendants include numerous individual state prison officials, including:

- Chris Lambert, the Ohio Dept. of Rehabilitation and Corrections ("ODRC") Deputy Director;

- J. Haviland, the Warden of AOCI;

- Joanna Factor, AOCI Deputy Warden of Administration;

- C. Foster, AOCI Deputy Warden of Operations;

- C. Smith, AOCI Deputy Warden of Special Services;

- K. Riehle, an Assistant Chief Inspector of Institutional Services;

- Allison Gibson, the AOCI Inspector of Institutional Services;

- Mike Davis, Religious Services Administrator for all of the ODRC's prisons;

- Defendant P Engles, AOCI Chaplain;

- Ibrahim Abdulrahim Al-Hagg, a privately contracted Imaam at AOCI;

- P. Engles, the supervisor of Al-Hagg;

- C. Ester, AOCI Unit Management Administrator/Chief and Inmate Group Coordinator ("IGC");

- L. Collier, a Unit Manager at AOCI;

- M. Giddens, a Correctional Counselor/Sgt. at AOCI;

- B. Guise, a secretary at AOCI and the Staff Advisor for the AOCI Cultural Awareness Inmate Group;

- Dr. B. Potts, a Psychology Supervisor at AOCI;

- K. Basinger, a Correctional Officer at AOCI;

- D. Szabados, a Lieutenant at AOCI;

- M. Ladesma, a Lieutenant at AOCI and the Chairman for the AOCI Rules Infraction Board (RIB);

- J. Casey, a Case Manager at AOCI and a RIB Panel Member;

- K. Ludwig, a Lieutenant and the Mailroom Supervisor at AOCI;

- M. Christen, the AOCI Operational Compliance Manager;

- K. Myers, the Health & Safety Coordinator at AOCI;

- Amy Marburger, the AOCI Dietitian;

[Id., PgID 2-3]

Plaintiff Heyward also brought suit against two employees of Aramark Correctional Services, LLC,  a private company under contract with the ODRC; specifically:

- Allysa Damschroder, an Administrative Assistant in the Prisoner's Cafe'/Chow Hall/Kitchen at AOCI; and,

- Heather Cooper, the Food Service Director at AOCI.

[Id., PgID 3]

Plaintiff avers that the Defendant Cooper is responsible for managing food service operations at AOCI, duties which allegedly include ordering, organizing, serving and selling foodstuffs, and the hiring and supervision of private and prisoner staff [Id., PgID 3-4].

The primary theory of liability asserted against the Defendants Cooper and Damschroder, in their individual capacities, arises out of alleged religious discrimination, in violation of the *First* and *Fourteenth Amendments* and in violation of the *RLUIPA*, which occurred during the 2018

4

observance of Ramadan by Muslim inmates. Plaintiff's specific allegations in this regard against

Cooper and Damschroder state, in their entirety, as follows:

> All of the Plaintiff's, as named in the above caption, exhausted administrative remedies *(i.e.* all three steps of Administrative Code 5120-9-31), complaining that During the entire thirty (30) day period, from approximately May 17th, 2018 until approx. June 17th, 2018, the Holiest observance for all Muslims globally, called Ramadan, Defendants Cooper, Smith, Engles, Al-Hagg, Marburger, Damschroder, Davis, and Factor (whom are directly responsible for and directly involved in the planning, implementation, and supervision of the Ramadan observance), collectively conspired and individually endeavored to deny Plaintiff's the equal opportunity to practice their religion as afforded to similarly situated Prisoners of other Religious Affiliations (i.e. Christianity, and Judaism, etc.), and placed an unlawful burden on the free exercise of their religion and the sincerely held religious beliefs of all Plaintiff's….

> \*\*\*

> The Defendants Cooper, Smith, Engles, Al-Hagg, Marburger, Damschroder, Davis, and Factor did so in the following manner:

> Knowingly and systematically blocking and denying Plaintiff's nearly every mandatory tenet as it involves the preparation, facilitation and implementation of Ramadan as follows:

> It is a sincerely held mandatory tenet belief of Plaintiff's that the food which is prepared, specifically during Ramadan, is to be both prepared and served by Muslims only, and not non-Muslims; (just as Prisoners at AOCI whom adhere to the Buddhist faith tradition as it relates to Parinirvana days of Shusho-e, Nehan-e, Bodhi, and Hanamatsuri, etc,... and the Christian faith tradition only a Christian can perform the Rite of Communion, etc., and in the Judaic faith tradition only Jews can prepare the food for Rosh HaShanah, Yom Kippur, and Sukkot, etc., and in the Hindu faith tradition it's the same for their observance of various Ekadasi). Although the Plaintiff's complained continuously, both verbally and in writing; Defendants Cooper, Smith, Engles, Al-Hagg, and Factor while allowing Prisoners of other faith groups to adhere to the mandatory tenets of their faith, as described above, knowingly and systematically allowed non-Muslims to prepare and serve food during Ramadan (this also allowed for much of the food specifically set out for the Ramadan observance to be stolen by those inmates).

It is a sincerely held mandatory tenet belief of Plaintiff's that the Ramadan fast be broken congregationally at the time of Maghrib Salaat each and every day of Ramadan with Dates and Water as the Prophet Muhammad (Ad) instructed (just as Prisoners at AOCI of various other faith groups, such as but not limited to Catholics, `Asatru/Wotonism, Anglo-Christians, Jehovah's Witnesses, and Jews have congregational prayers for the observances of various Rites, and even congregational Benedictions and prayers just prior to dismissal of parishioners after Services), Defendants Cooper, Smith, Engles, Al-Hagg, Davis, and Factor, while allowing other AOCI faith groups to adhere to the mandatory tenets of their faith, as cited above, knowingly and systematically, for the entirety of Ramadan, refused to allow the Mandatory Tenet requirements for the breaking of the Ramadan Fast, and never provided Dates for the entirety of Ramadan (Defendants had provided Dates on every previous year, and continues to provide additional religious and cultural/ethnic based foods, separate from the ODRC Cycle Menu, for other religious and cultural/ethnic classed groups, such as but not limited to AnL'lo-Christians (Kairos Accommodations, and Communion, and Aramark's contracted employees at AOCI purchase and prepare a special Christmas meal for the entire AOCI Prisoner populous regardless of Religious Affiliation, and it is standard operating procedure to shut down all normal operations with "controlled movement on the yard" at AOCI while this special meal is served for the Christian religious observance of Christmas, then there's Kairos Accommodations, and Communion Crackers & Juice); Jews (Kosher meals each and every day [Breakfast, Lunch & Dinner], Rosh HaShanah & Yom Kippur meals); Hispanics/Latinos (Hispanic Awareness Day Meal); and Secularly (i.e. Aramark contracted employees purchase special foods (i.e. Pizzas, Ice Cream, Ground Beef Hamburgers with sliced Tomatoes and Onions, Relish & Hamburger Buns, Hot Dogs/relish & Buns, and Assorted Flavored Soda Pops for Prisoners whom are assigned in the AOCI kitchen under the label Inmate Employee Appreciation Day); Catholics(Catholic Retreat; held every three [3] months)).

It is a sincerely held mandatory tenet belief of Plaintiff's that each and every day of Ramadan begins with a specific Du'a (prayer), and must end congregationally with Maghrib Salaat and a specific Du'a…

***

Immediately after this Du 'a, all the Muslims must break their fast with the consumption of three (3) Dates, and Water, as the Prophet Muhammad (.) instructed. At that point each daily fast is officially broken, and all the Muslims are to eat their evening meal together/congregately (sic). Defendants Cooper,

Smith, Engles, Al-Hagg, and Factor knowingly and systematically denied Plaintiff's this mandatory tenet during the entirety of Ramadan, while allowing similar religious Rites, as described above, for other Religious Faith Groups at AOCI.

Defendants Cooper, Smith, Engles, Al-Hagg, Marburger, Damschroder, Davis, and Factor knowingly and systematically denied Plaintiff's proper nutrition by only allowing Plaintiff's to receive between 750 — 1000 calories in total for each day, which included the "Sahur" Bags (Bagged Breakfast), during the month of Ramadan (virtually subjecting them to starvation,... some Muslims losing up to and even more than 20 Lbs., during Ramadan. This was so egregious to some of the Plaintiff's that they had to quit observing Ramadan, due to getting ill from extreme hunger imposed on them by Defendants religiously bigoted agenda against Muslims). Although Plaintiff's repeatedly complained, both verbally and in writing, that the proper portion sizes were not being followed/given, and that the proper temperatures for serving food was not being adhered to, etc., Defendants and their direct supervisors Defendants Gibson and Riehle, named above, knowingly and systematically insured that the food was put in and served on Styrofoam trays that are not even designed to hold the proper portion sizes, nor maintain proper food temperatures (e.g. Plaintiff's (sic) were called up to the main chow hall at varying times [any time between 1830 Hrs. - 1730 Hrs. each day of Ramadan], to pick up the pre-made Styrofoam trays [which had been sitting out on open air counters in the main kitchen for approximately an hour or longer], to pick up those trays to be carried back to their individual cells and be held in the open air environment of the cells until the time of MaRhrib Salaat [i.e. between approximately 8:50 PM— 9:15 PM], to break their fast individually). Further, In response to Informal Complaint Resolutions (ICR), Notification of Grievances(NOG), and Appeals of the same to the Chief IIS (Defendant Riehle), Defendants, and their direct supervisors, were deliberately indifferent, acquiesced/implicitly authorized and ratified the discriminatory treatment of the Plaintiff's, and the Muslim Class Community at AOCI as a whole, and would repeatedly lie about the Ramadan service/facilitation being "closely monitored" as a guise (sic) to cover up improper portion/serving sizes, etc. and to falsify official records and falsely make it appear in writing, that the menu as promulgated by an ODRC Ramadan Menu, was being followed; when in fact none of this was being done. Even in the face of the photographic record Plaintiff's kept (of each and every Ramadan food tray), and showed them to the Defendant's, they remained deliberately indifferent… of his verbal and written complaints about how fantastically terrible the Ramadan food trays were…

Defendants Cooper, Smith, Engles, Al-Hagg, and Factor Knowingly (sic) and systematically allowed inmates to steal the food designated for the Muslim observance of Ramadan. As directed by Defendant Cooper, the contracted Aramark Food Service Coordinators, whom were left to merely watch the Muslims pick-up the pre-made food trays did not have any authority nor ability to address and/or correct any of the problems repeatedly complained of verbally by Plaintiff's each and every day of Ramadan, and would state that "Inmates must have stolen the food", as a response to all verbal complaints that were put forth by Plaintiff's on a daily basis. This also occurs during the final closing at the very end of the Ramadan observance, called Iyd Ul-Fitr/Eid-Ul-Fitr. This massive theft of food, and deliberate indifference of the Defendants towards the securing of food for religious purposes only occurs during Muslim religious observances, and not for/during any other religious observance for any other religious class/group at AOCI.

[Id., PgID 4-7]

Essentially, the Defendants Damschroder and Cooper are joined with a group of six prison officials facing "shotgun" allegations that they blocked and denied "nearly every" religious tenet associated with the 2018 observance of Ramadan, with the prison officials ranging from deputy wardens (Factor and Smith) to religious personnel (administrator Davis, Chaplain Engles, and Imam Al-Hagg) to prison dietitian Marburger [Id., PgID 2-3].

However, the only specific factual RLUIPA allegation against food system administrative assistant Allysa Damschroder is that she was involved in providing "fantastically terrible" Ramadan bagged breakfasts and evening Styrofoam food trays with both meals featuring unsatisfactory portions and food temperatures [Id., PgID 4, 6].

8

Food Service Director Heather Cooper is also alleged to have been involved in providing the disappointing Ramadan food [Id.]. The only other specific *RLUIPA* allegations against Cooper are that she:

- allowed non-Muslims to assist in the preparation and serving of the Ramadan meals;

- failed to prevent inmates from stealing pre-prepared Ramadan meals;

- failed to secure dates for the evening Ramadan meals – a departure from prior prison practice; and,

- refused to allow Muslim inmates to break their fast as a group.

[Id., PgID 4-7]

Plaintiff also alleges that the Defendant Cooper violated the *Ohio Valentine Act* and the *Sherman Antitrust Act* by degrading the quality and quantity if food made freely available to the prison general population while operating a monopoly regarding the "extra" food that could be purchased by inmates [Id., PgID 13-14].

Plaintiff demands multiple remedies; namely:

- compensatory damages in the amount of $2.5 billion;

- punitive damages of $150,000.00, per defendant, per constitutional violation;

- declaratory relief;

- injunctive relief; and,

- referral of individual defendants for criminal prosecution.

[Id., PgID 19]

On September 28, 2020, the District Court determined that Plaintiff Heyward was not permitted to appear, *pro se*, on behalf of the thirteen other named Plaintiffs or on behalf of the putative class of Muslim inmates [9/28/20 Order, Doc. #6, PgID148-149]. The Court ordered all the other individually named Plaintiffs to sign, file, and serve separate complaints no later than November 20, 2020 [Id., PgID 149-150].

On January 6, 2021, the District Court dismissed all named Plaintiffs other than Lyle Heyward, for failure to timely file signed complaints [1/6/21 Order, Doc. #14, PgID 188-189]. The Court also dismissed the Defendants Marburger and Basinger, without prejudice, due to Plaintiff's failure to file domestic return receipts [Id., PgID 188].

On January 21, 2021, the Defendants Cooper and Damschroder filed a motion, pursuant to *Fed. R. Civ. Pro. 12(b)(6),* to dismiss Plaintiff's Complaint [Doc. #15, PgID 190-206]. The grounds for dismissal included:

- failure of service and failure of service of process;

- failure to state tenable claims under *42 U.S.C. §1983* given that Cooper and Damschroder are not state actors;

- failure to otherwise state tenable *Equal Protection Clause* clams by failing to allege intentional discrimination on the basis of religion;

- failure to state tenable *First Amendment Free Exercise Clause* and *RLUIPA* claims by failing to allege that Plaintiff's religious practices were substantially burdened and/or absolutely denied or prohibited.

[Id., PgID 193-206].

No response to the *Rule 12(b)(6)* Motion on behalf of Defendants Cooper and Damschroder was ever filed by Plaintiff Heyward. In particular, Plaintiff did not seek leave to amend his Complaint to correct any pleading defects and did not provide the District Court with a proposed Amended Complaint.

On April 12, 2021, Plaintiff filed a Motion for Order to Show Cause why four officials of the Ohio Dept. of Rehabilitation and Corrections, who are not individually named Defendants, confiscated legal documents from Plaintiff's cell [Motion for Order to Show Cause, Doc#16, PgID 207-211]. The Motion for Order to Show Cause did not contain any arguments supporting the facial plausibility of Plaintiff's substantive claims against Cooper and Damschroder [Id.].

On July 27, 2021, the District Court filed an Opinion and Order granting the Motion to Dismiss filed on behalf of Defendants Cooper and Damschroder [7/27/21 Memorandum Opinion and Order, Doc#17, PgID 213-223]. The Court denied summary relief on the bases of failure of service and process and the private actor defense [Id., PgID 215-217]. However, the Court determined that Plaintiff had offered nothing more than insufficient legal conclusions with respect to the alleged wrongdoing of Defendant Damschroder [Id., PgID 217-218]. With respect to the Defendant Cooper, the Court determined that the *First Amendment* and *RLUIPA* claims are facially implausible because Plaintiff does not allege that:

11

- he was forced to eat impermissible food, was denied all access to desired food, or that his religious practices were otherwise substantially burdened;

- the Defendant Cooper, an employee of the private food contractor hired by the state, had any authority over or played any role in deciding when, where and how Muslim inmates could eat Ramadan meals outside of regular prison dining periods; and,

- he was personally injured by inadequate or unsatisfactory Ramadan meals.

[Id., PgID 218-219]

The District Court determined that claims Cooper violated the *Equal Protection Clause* are also facially implausible because there are no allegations of intentional discrimination on the part of Cooper [Id., PgID 220-221]. The Court dismissed the *Sherman* and *Valentine Act* claims against Cooper on the basis of the state action exception [Id., PgID 221-222].

The District Court denied the Plaintiffs Motion for an Order to Show Cause on the merits, after noting that this Motion was not directed at the Defendants Cooper and Damschroder [Id., PgID 214, 222-223].

On August 16, 2021, the remaining named Defendants (collectively referred to as the "State of Ohio Defendants") filed a Motion to Dismiss pursuant to *Fed. R. Civ. Pro. 12(b)(6)* [Motion, Doc. #21, PgID 230-270]. Plaintiff Heyward did not file a response to this motion nor seek leave to file a proposed Amended Complaint, despite requesting and receiving an extension of the deadline for his brief in opposition [8/11/22 Memorandum Opinion and Order, Doc #26, PgID 316].

On August 11, 2022, the District Court entered an Opinion and Order granting the State of Ohio Defendants' Motion to Dismiss [Id., PgID 314-327]. The Court deemed facially implausible Plaintiff Heyward's claims of: (1) retaliation in violation of the *First Amendment*; (2) violations of the *Due Process Clause;* (3) religious discrimination in violation of the *First Amendment, RLUIPA,* and *Equal Protection Clause*; (4) violation of state and federal antitrust laws; (5) cruel and unusual punishment in violation of the *Eighth Amendment;* and, (6) supervisory liability [Id., PgID 318-327].

The District Court then denied Plaintiff's request for injunctive relief and certified, pursuant to *28 U.S.C. §1915 (a)(3),* "that an appeal from this decision could not be taken in good faith" [Id., PgID 327].

On August 11, 2022, the District Court entered a final Judgment [Judgment, Doc #27, PgID 328].

On September 6, 2022, Plaintiff Heyward filed a Notice of Appeal from the 8/11/22 Judgment [Notice of Appeal, Doc #28, PgID 329].

On February 1, 2023, a corrected Appellant's Brief was filed on behalf of Plaintiff Heyward by retained counsel, taking issue <u>only</u> with the District Court's decisions to dismiss the *RLUIPA* claims*, First Amendment* retaliation claims, and *Equal Protection* claims [App. Doc. #16]. Plaintiff-Appellant does not challenge the dismissal of the *First Amendment Free Exercise Clause* claims, the antitrust claims, or supervisory liability claims [Id.].

13

The arguments challenging the dismissal of the *RLUIPA* claims are directed against all the Defendants-Appellees with the Plaintiff-Appellant expressly taking issue with the reasoning and results in the two separate Opinions and Orders issued by the District Court, namely:

- Doc. #17, dated 7/27/21, dismissing the claims Defendants Cooper and Damschroder; and,

- Doc. #26, dated 8/11/22, dismissing the claims against the State of Ohio Defendants [App. Doc. #16, pp 15-22].

The arguments challenging the dismissal of the *First Amendment* retaliation claims are directed against the State of Ohio Defendants, only, with the Plaintiff-Appellant taking issue with the reasoning and results in District Court Opinion and Order Doc #26, only [Id. pp 22-27].

Plaintiff-Appellant proffers purely perfunctory arguments challenging the dismissal of the *Equal Protection* claims. And, while the arguments are summarily directed against "the Defendants", Plaintiff-Appellant only attacks the reasoning and results in the District Court's 8/11/22 Opinion and Order (Doc. #26) which focuses upon the claims against the State of Ohio Defendants, only [Id. pp 27-28]. In other words, Plaintiff-Appellant does not explicitly take issue with the separate and distinct 7/27/21 District Court Opinion and Order (Doc #17) which dismissed the *Equal Protection* claims against the Defendants Damschroder and Cooper.

The Defendants Cooper and Damschroder now submit their Appellees' Brief seeking affirmation of the District Court's 7/27/21 Opinion and Order granting their Motion to Dismiss Plaintiff's untenable claims (Doc. #26).

14

## <u>COUNTER – STATEMENT REGARDING STANDARDS OF APPELLATE REVIEW</u>

The Sixth Circuit reviews the dismissals of complaints pursuant to *Fed. R. Civ. Pro. 12(b)(6)* under a *de novo* standard.  *Shah v Univ. of Toledo,* ___ F.4th ___, 2022 U.S. App. LEXIS 16602, *6-7 (6th Cir. No. 21-4153, 6/15/22)*; *Doe v Mich. State Univ.,* 989 F.3d 418, 425 (6th Cir. 2021).

*Fed. R. Civ. Pro. 8(a)(2)* requires "a short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of this requirement is to provide defendants with fair notice of the true basis of the claim. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *HDC, LLC v City of Ann Arbor,* 675 F.3d 608, 614 (6th Cir. 2012). *Rule 8(a)* "imposes legal and factual demands on the authors of complaints." *16630 Southfield Ltd. P'Ship v Flagstar Bank, F.S.B.,* 727 F.3d 502, 503 (6th Cir. 2013). In particular, the factual allegations in a complaint must be sufficiently detailed, presenting a right to relief beyond mere labels, formulaic recitation of the elements of the claim asserted, unwarranted factual inferences, and/or speculation. *Ashcroft v Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) [a complaint will not "suffice if it tenders naked assertion devoid of further factual enhancement"]; *Twombly, supra; Ryan v Blackwell,* 979 F.3d 519, 524 (6th Cir. 2020).

A motion filed pursuant to *Fed. R. Civ. Pro. 12(b)(6)* tests whether a party has failed "to state a claim upon which relief can be granted". A reviewing court accepts the factual allegations in the complaint as true and determines whether they present facially plausible

claims. *Twombly,* 550 U.S. at 570; *Shah, supra, at \*7; Ryan, supra; Smith v GM, LLC,* 988 F.3d 873, 877 (6th Cir. 2021).

Again, factual allegations in a complaint must present claims of actual wrongdoing beyond simple labels, mere legal conclusions, formulaic recitation of required elements, unwarranted factual inferences, or speculation. *Iqbal, supra; Twombly,* 550 U.S. at 555; *Ryan, supra; SFS Check, LLC v First Bank of Delaware,* 774 F.3d 351, 355 (6th Cir. 2014) ["(N)aked assertions devoid of further factual enhancement contribute nothing to the sufficiency of (a) complaint"]*; Handy-Clay v City of Memphis,* 695 F.3d 531, 539 (6th Cir. 2012).

Claims are facially implausible and subject to dismissal where: (1) the factual allegations  are insufficient to permit an inference that the defendant is liable as claimed; and/or, (2) the complaint fails to set forth allegations satisfying all material factual and legal elements. *Iqbal, supra; Shah, supra.*

As a general proposition, *pro se* claimants are held to less stringent pleading standards when facing *12(b)(6)* motions.  *Haines v Kerner,* 404 U.S. 519, 520-521, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Grinter v Knight,* 532 F.3d 567, 577 (6th Cir. 2008); *Martin v Overton,* 391 F.3d 710, 712 (6th Cir. 2004).  However, the leniency afforded to *pro se* litigants has firm limits; not every *pro se* matter must be tried on the merits.  *Martin,* 391 F.3d at 714; *Pilgrim v Littlefield,* 92 F.3d 413, 416 (6th Cir. 1996), citing *Estelle v Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).

Specifically, *pro se* claimants cannot rely upon bare legal conclusions unaccompanied by factual enhancement sufficient to satisfy federal notice pleading requirements.  *Grinter, supra* [liberal construction of *pro se* pleadings does not require a court to conjure necessary factual allegations]; *Martin, supra.*  Additionally, *pro se* litigants must follow the rules of procedure, in general, and, in particular, must comply with deadlines imposed under the federal and local rules.  *Pilgrim, supra; Wells v Brown,* 891 F.2d 591, 594 (6th Cir. 1989*), reh den* (1/19/90).

The pleading standards required by *Rules 8(a)(2)* and *12(b)(6)* apply with full force to claims brought by prison inmates - including claims brought pursuant to the *Religious Land Use and Institutionalized Persons Act ("RLUIPA*").  *Doe v Cong. of U.S.,* 891 F.3d 578, 590 (6th Cir. 2018); *Werche v Combs,* 763 F.3d 500, 505 (6th Cir. 2014); *Harbin-Bey v Rutter,* 420 F.3d 571, 575 (6th Cir. 2005).

The Sixth Circuit also conducts *de novo* review over conclusions of law reached by district courts.  *Ackerman v Washington,* 18 F.4th 170, 180 (6th Circuit, 2021); *Fox v Washington,* 949 F.3d 279, 276 (6th Cir. 2020).

## SUMMARY OF COUNTER ARGUMENTS

By failing to respond to the Motion to Dismiss filed on behalf of the Defendants Cooper and Damschroder. Plaintiff has waived or forfeited appellate review of all arguments, made for the first time on appeal, attacking the decision by the District Court to dismiss, pursuant to *Fed. R. Civ. Pro. 12(b)(6),* the facially implausible claims against the Defendants Cooper and Damschroder.

Assuming that Court opts to review the merits of the appeal, Plaintiff still failed to perfect *RLUIPA* and *Equal Protection* claims against the Defendants Cooper and Damschroder.

As a matter of law, the Defendants Cooper and Damschroder cannot be held liable under the *RLUIPA*, in their individually capacities, for the relief sought by Plaintiff.  Rather, remedy must be sought from the state government, only. Plaintiff has abandoned any dispute in this regard by failing to address the issue in his Appellant's Brief.  In any event, Plaintiff failed to allege, with the requisite factual detail, that Damschroder and Cooper, as employees of a private governmental contractor providing food service to the state prison, intentionally created substantial burdens upon the exercise of Plaintiff inmate's religious beliefs and had authority or control over the alleged negative impacts upon Plaintiff inmate.

Plaintiff has independently waived appellate review of the District Court's dismissal of the *Equal Protection* claims against the Defendants Cooper and Damschroder by proffering purely perfunctory arguments.  Plaintiff has separately abandoned arguments of reversible

error by the District Court in this regard by absolutely failing to challenge the order of dismissal entered in favor of the Defendants Cooper and Damschroder and, instead, exclusively attacking the distinct order entered by the District Court dismissing the *Equal Protection* claims against the State of Ohio Defendants, only.   In any event, and as a matter of settled law, the dismissal of the *Equal Protection* claims was proper because Plaintiff utterly failed to allege, with the requisite factual detail, that Cooper and Damschroder intentionally discriminated against him.

## COUNTER-ARGUMENT I:

## THE COURT OF APPEALS IS ENTITLED TO SUMMARILY AFFIRM THE DISTRICT COURT'S DECISION TO GRANT THE MOTION TO DISMISS FILED ON BEHALF OF THE DEFENDANTS COOPER AND DAMSCHRODER BECAUSE PLAINTIFF'S FAILURE TO RESPOND TO THE DEFENDANTS' *RULE 12(b)(6)* MOTION CONSTITUTES A WAIVER OR FORFEITURE OF ARGUMENTS THAT THE DISMISSAL WAS IMPROPER

It is well-settled that the Sixth Circuit will not consider arguments raised for the first time on appeal, absent extraordinary circumstances that require appellate intervention to avoid a miscarriage of justice. *Haines v Ford Motor Carrier Safety Admin.,* 814 F.3d 417, 430 (6th Cir. 2016); *Overstreet v Lexington-Fayette Urban County Gov't,* 305 F.3d 566, 578 (6th Cir. 2002).

In particular, where a party fails to respond to arguments raised before the district court in a motion to dismiss, this Court has deemed waived or forfeited any arguments on appeal which contest the dismissal of that party's claims. *Baxter v Select Portfolio Servicing, Inc.,* 2020 U.S. App. LEXIS 18924, * 3-4 (6th Cir. NO. 19-6067, 1/16/20) [plaintiff appellant failed to establish exceptional circumstances justifying appellate review by failing to offer any explanation for the failure to respond to the motion to dismiss]; *KSA Enters. v Branch Banking & Trust Co,* 761 Fed. Appx 456, 463, 2019 U.S. App. LEXIS 1198, *15, 2019 FED App. 0021N (6th Cir. No. 17-6132, 1/14/19); *Allstate Ins. Co. v Global Med. Billing, Inc.,* 520 Fed. Appx. 409, 412-413, 2013 U.S. App. LEXIS 7277, *9-12, 2013 FED App. 0364N (6th Cir. No. 12-1263, 4/8/13), citing *ZF Menton, LLC, v Eaton Corp.,* 696 F.3d 254, 299 (3rd Cir. 2012);

*Humphrey v U.S. Att'y Gen's Office,* 279 Fed. Appx 328, 331; 2008 U.S. App. LEXIS 10730, * 8-9, 2008 FED App. 0261N (6th Cir. No. 07-3740, 5/15/08).

The waiver/forfeiture rule of appellate practice applies with full force to *pro se* claimants. *Pilgrim,* 92 F.3d at 416 [*pro se* litigant failed to comply with court deadline for response to *Rule 12(c)* motion]; *Akaazua v Walker Novack Legal Grp, LLC,* 2021 U.S. App. LEXIS 603, *3 (6th Cir. No. 19-2183, 1/8/21), cert. den., 142 S.Ct. 448, 211 L.Ed.2d 264 (2021)[*pro se* plaintiff's failure to file a response to a *Rule 12(b)(6)* motion constituted a waiver of any argument that the dismissal was improper, especially since no reasonable explanation was given for the failure to comply with the deadline for a response brief].

On January 21, 2021, the Defendants Cooper and Damschroder filed a motion, pursuant to *Fed. R. Civ. Pro. 12(b)(6),* to dismiss Plaintiff's Complaint [Doc. #15, PgID 190-206]. Pursuant to *Local Civil Rule 7.1(d)*[1] of the U.S. District Court for the Northern District of Ohio, Plaintiff's response was due on or before February 22, 2021 (the 30th day having fallen on a Saturday). The fact that Plaintiff was proceeding *pro se* did not relieve him of the responsibility to comply with the deadline imposed under *Local Civil Rule 7.1(d)*. *Pilgrim,* 92 F.3d at 416; Wells, 892 F.2d at 594.

---

[1] "**Rule 7.1 Motions**

                                        \*\*\*

   **(d)  Memorandum in Opposition**. Unless otherwise ordered by the Judicial Officer, each party opposing a motion must serve and file a memorandum in opposition within thirty (30) days after service of any dispositive motion…"

It is undisputed that Plaintiff did not file any response, timely or otherwise, to the Defendants' Motion to Dismiss[2].  On appeal, no explanation or excuse is offered for the failure of Plaintiff to file a response with the District Court.

Therefore, the necessary conclusion is that Plaintiff has waived or forfeited appellate review of arguments, made for the first time on appeal, attacking the decision by the District Court to dismiss, pursuant to *Fed. R. Civ. Pro. 12(b)(6),* the facially implausible claims against the Defendants Cooper and Damschroder. *Haines v Ford Motor Carrier Safety Admin., supra; Overstreet, supra; Pilgrim, supra; ZF Menton, LLC, supra; Baxter, supra; KSA Enters, supra; Allstate Ins. Co., supra;  Humphrey, supra.*  This conclusion is not affected by the fact that Plaintiff appeared *pro se*; the law does not excuse Plaintiff's failure to abide by controlling court rules and the District Court was not obligated to *sua sponte* supply arguments designed to defeat the *Rule 12(b)(6)* motion and.  *Pilgrim, supra; Akaazua, supra.*

---

[2] While the Plaintiff filed a Motion for Order to Show Cause on April 12, 2021, this Motion was not directed at the Defendants Cooper and Damschroder [Motion for Order to Show Cause, Doc. #16, PgID 207-211]. These two Defendants, both employees of a private government contractor providing food services to penal institutions, are not even referenced in the motion and no arguments are proffered to support claims that these private food service actors were involved in the alleged confiscation, by prison officials, of Plaintiff's legal documents from his cell [Id.  As the District Court aptly noted, the Motion for Order to Show Cause only alleges misconduct by four officials of the Ohio Dept. of Rehabilitation and Corrections that are not individually named Defendants [7/27/21 Op. & Order, p. 2, Doc. #17, PgID 214].  More to the point, the Motion for Order to Show Cause did not contain any arguments supporting the facial plausibility of Plaintiff's substantive claims against Cooper and Damschroder [Id.].

22

As such, this Court is entitled to, and should, summarily affirm the Opinion and Order of the District Court dismissing Plaintiff's claims against the Defendants Cooper and Damschroder. *Iqbal, supra; Shah, supra.* This result cannot be considered manifestly unjust because, as is discussed in detail, *infra*, affirmation of the District Court is further warranted because Plaintiff's claims against the Defendants Cooper and Damschroder are facially implausible.

**COUNTER-ARGUMENT II:**

**PLAINTIFF FAILED TO PERFECT *RLUIPA* CLAIMS AGAINST THE DEFENDANTS COOPER AND DAMSCHRODER BECAUSE, AS A MATTER OF SETTLED LAW, THESE DEFENDANTS <u>CANNOT</u> BE HELD INDIVIDUALLY LIABLE FOR THE RELIEF SOUGHT BY PLAINTIFF AND, IN ANY EVENT, PLAINTIFF FAILED TO ALLEGE, WITH SUFFICIENT FACTUAL DETAIL, THAT DAMSCHRODER AND COOPER INTENTIONALLY CREATED SUBSTANTIAL BURDENS UPON THE EXERCISE OF PLAINTIFF'S RELIGIOUS BELIEFS AND HAD CONTROL OR AUTHORITY OVER THE ALLEGED NEGATIVE IMPACTS UPON PLAINTIFF'S RELIGIOUS OBSERVANCES**

.

Should the Court determine that the failure of the Plaintiff to respond to the Defendants Motion to Dismiss does not result in a waiver of all appellate challenges to the District Court's Opinion and Order of July 27, 2021, Doc. #17, there is still <u>no valid basis for reversal</u> of the District Court's decision to dismiss the claims of alleged *RLUIPA* violations on the part of the Defendants-Appellees Cooper and Damschroder.

Plaintiff broadly asserts that the Defendants, as a group, violated the *RLUIPA* and, as a result are liable for compensatory and punitive damages [Complaint, Introduction, ¶c), ¶¶28, 34a), b), Doc#1, PgID 1, 4-7, 19]. Plaintiff also seeks injunctive and declaratory relief [Id., ¶34c), e), Doc#1, PgID 19].

The singular particular adverse action allegedly taken by Defendant Allysa Damschroder, acknowledged to be an administrative kitchen assistant and employee of a <u>private</u> governmental contractor:  providing Plaintiff with "fantastically terrible" Ramadan meals [Complaint, Doc. #1, PgID 3, 4, 6]. The particular adverse actions allegedly taken by Defendant Heather Cooper, the Food Service Director:

- providing the disappointing Ramadan meals;

- allowing non-Muslims to assist in the preparation and serving of the Ramadan meals;

- failing to prevent other inmates from stealing the pre-prepared meals;

- failing to provide dates for the evening Ramadan meal – a departure from prior prison practice; and,

- refusing to allow Muslim inmates from congregating to break their fasts.

[Id., PgID 4-7].

Application of relevant and controlling law readily reveals that Plaintiff Heyward has failed to state *RLUIPA* claims against the Defendants Cooper and Damschroder upon which the requested relief can be granted.

The *RLUIPA, 42 U.S.C. §2000cc, et seq,* allows prisoners to seek relief where a state government <u>intentionally</u> imposes substantial burdens upon religious exercises. *Holt v Hobbs,* 574 U.S. 352, 357-358, 135 S.Ct. 853, 190 L.Ed.2d 747 (2015); *Cutter v Wilkinson,* 544 U.S. 709, 714-717, 125 S.Ct. 2113, 161 L.Ed.2d 1020 (2005); *Ackerman,* 16 F.4th at 179.  The Act does not define "substantial burden". The definition adopted by the Sixth Circuit:  a substantial burden upon religious exercise occurs where government action either:

- places <u>significant pressure or coercion</u> upon an inmate to modify his/her behavior in a manner that <u>violates</u> religious beliefs;

- <u>bars or bans</u> conduct premised upon sincerely held beliefs; or,

- <u>denies</u> a religious benefit or privilege.

25

*Ackerman,* 16 F.4th at 184; *Fox,* 949 F.3d at 278; *Haight v Thompson,* 763 F.3d 554, 565 (6th Cir. 2014).

Not every governmental action which adversely impacts religious beliefs and conduct constitutes a substantial burden for the purposes of the *RLUIPA*. First, the impact must be severe and not a mere inconvenience. *Doe v Cong. of U.S.,* 891 F.3d at 590; *Livingston Christian Schools v Genoa Charter Twp.,* 858 F.3d 996, 1009 (6th Cir. 2017). Additionally, due deference must be afforded to prison regulations and procedures necessary to: (1) maintain good order, security, and discipline; and, (2) properly allocate limited resources. *Cutter,* 544 U.S. at 723; Ackerman, 16 F.4th at 180.

The onus is upon the inmate claimant to specifically identify the governmental action which allegedly creates a substantial burden. *Ackerman,* 16 F.4th at 179*; Cavin v Mich. Dep't of Corr.,* 927 F.3d 455, 458 (6th Cir. 2019); *Haight,* 763 F.3d at 559-560. This burden of proof is not met by conclusory allegations of adverse impact unsupported by sufficient factual detail which satisfies the legal definition of a severe impact. *Dee, supra,* citing *In re Omicare, Inc. Sec. Litig.,* 769 F.3d 455, 469 (6th Cir. 2014).

Whether a claimant has satisfied the burden of pleading a *RLUIPA* violation presents a question of law for the courts. *Ackerman, supra; Dee,* 891 F.3d at 590.

In *Cutter*, the Supreme Court noted that the legislative history of the *RLUIPA* indicates that Congress meant to prevent prisons from <u>intentionally</u>:

- <u>refusing</u> to provide Muslim inmates with <u>any</u> religiously acceptable food;

26

- <u>refusing</u> to provide Jewish inmates with "sack lunches" that would permit the breaking of religious fasts after nightfall; and,

- <u>contemptuously confiscating, damaging, or discarding</u> prisoners' religiously significant possessions or items.

*Id.*, 544 U.S. at 717, n.5.

The Sixth Circuit has recognized that prison officials violate the *RLUIPA* by barring access to religiously significant foods. *Ackerman,* 16 F.4th at 185 [preventing Jewish inmates from eating meat and dairy on religious holidays]; *Haight,* 763 F.3d at 565-566 [precluding Native American inmates from purchasing traditional foods needed for religious ceremonies]. However, and critically, the Sixth Circuit has also held that the *RLUIPA* does not allow prisoners to dictate that certain desired foods be procured to the exclusion of other permissible foods, recognizing that the Act only prohibits prison officials from forcing inmates to violate religious beliefs. *Robinson v Jackson,* 615 Fed. Appx. 310, 2015 FED App. 0446N, 2017 U.S. App. LEXIS 10208 (6th Cir. No. 14-4107) [Muslim prisoners religious beliefs were not substantially burden by inability/refusing of prison to supply preferred food, so long as prisoners were not forced to consume impermissible food]; *Abdullah v Fard,* 1999 U.S. App. LEXIS 1466, *1 (6th Cir. No. 97-3935, 1/28/99), citing *Abdur-Rahman v Mich. Dep't of Corr.,* 65 F.3d 489, 491 (1995) [*RLUIPA* claims rejected where Muslim inmate not forced to consume religiously impermissible food].

27

The Sixth Circuit has also adopted the rule that the "*RLUIPA* does not permit money damages against state prison officials, even when the lawsuit targets the defendants in their individual capacities". Haight, 763 F.3d at 570, emphasis supplied, citing cases in accord from seven sister circuits. The Haight Court reasoned that the Act restricts inmates' remedies to appropriate relief from state governments, thus foreclosing relief from individual state officials. *Id.*, 763 F.3d at 568-571, citing *42 U.S.C. §2000cc-2(a).*

Again, when the relevant and controlling law is applied to the allegations set forth in the Complaint, the only available conclusion is that Plaintiff Heyward failed to state facially plausible *RLUIPA* claims against the Defendants Cooper and Damschroder.

First, as a matter of law, Plaintiff's remedies under the *RLUIPA* are limited to appropriate relief from the State of Ohio, to the complete exclusion of demanded monetary, declaratory, or injunctive relief from the Defendants Cooper and Damschroder in their individual capacities. *Haight, supra.* Notably, Plaintiff has abandoned the right to dispute this conclusion by failing to address the issue in his Appellant's Brief. *J.B-K. v Sec'y of Ky. Cabinet for Health & Family Servs.,* 48 F.4th 721, 730 (6th Cir. 2022); *Doe v Mich. State Univ.,* 989 F.3d at 425; *Rose. v State Farm Fire & Cas. Co.,* 766 F.3d 532, 540 (6th Cir. 2014) ["an appellant abandons all issues not raised and argued in its initial brief on appeal"].

Hence, the Court of Appeals can and should affirm, on both procedural and substantive bases, the dismissal of the claims against Cooper and Damschroder for failure to plead recoverable damages.

28

Second, and in any event, Plaintiff fails to state facially plausible claims that prison kitchen workers Damschroder and Cooper <u>intentionally</u> created <u>substantial</u> burdens upon the exercise of his religious beliefs with respect to the Ramadan meals provided.

At the outset, there are simply no allegations that these two employees of a private contractor intentionally and contemptuously: (1) <u>denied</u> Heyward the opportunity to observe Ramadan; (2) <u>barred or banned</u> Heyward from observing Ramadan; (3) placed <u>significant pressure</u> upon Heyward to <u>violate</u> religious beliefs related to Ramadan; or, (4) <u>confiscated, damaged, or discarded</u> items belonging to Heyward that were of significance to Ramadan.

Specifically, Plaintiff does not allege that Damschroder and Cooper forced him to consume religiously impermissible food.  Instead, while complaining about portion size and food temperature, Plaintiff concedes that he actually received religiously compliant "bagged breakfasts" and pre-prepared evening meals to be consumed at the religiously appropriate time of the day during the observance of Ramadan [Complaint, Doc. #1, PgID 6].

Plaintiff's allegation that kitchen workers Damschroder and Cooper failed to prevent other inmates from stealing some of the pre-prepared Ramadan meals amount to claims of negligent failure to safeguard the meals – allegations that do not satisfy the requirement of intentional misconduct.  *Holt, supra; Cutter, supra.*  Regardless, there are no allegations establishing that Damschroder and Cooper, acknowledged by Plaintiff to be employees of a private food contractor who indisputably had no authority and control over prison security and inmate behavior [Id., PgID 3-4, 5, 7].

29

With respect to the provision of dates to break the Ramadan fast, Plaintiff does not allege that Damschroder and Cooper intentionally deprived him of the dates. Rather, Plaintiff expressly asserts that the dates had previously been obtained for Muslim inmates' observance of Ramadan and offers no explanation why these particular Defendants were responsible for failing to do so in 2018. Hence, once again, these Defendants are accused or mere – and in-actionable – negligence.

Similarly, there are <u>no factual allegations</u> establishing that private kitchen workers Damschroder and Cooper had any control or authority, in the prison setting, over: (1) insuring that only Muslims prepared the Ramadan; and/or, (2) allowing Muslim inmates to gather as a group, at a special time in the evening, to break their fast during Ramadan.

In short, as opposed to asserting, as required, that Damschroder and Cooper <u>intentionally prevented</u> him from observing Ramadan, Plaintiff's Complaint focuses wholly upon mere negative impacts upon his religious observance allegedly resulting from the Defendants' negligence and undeniably outside these Defendants' authority and control.

Additionally as plead, the alleged adverse impacts constitute mere inconveniences and *de minimus* burdens, if properly considered burdens at all, after the required due deference is given to the obligation of prison officials to maintain good order, security and discipline and to properly husband limited monetary and human resources. *Cutter, supra; Ackerman, supra.*

The bottom line is that Plaintiff Heyward's Complaint does not state legally tenable *RLUIPA* claims against Damschroder and Cooper. *Holt, supra; Cutter, supra; Ackerman, supra; Doe v Cong. of U.S., supra; Livingston Christian Schools, supra; Cavin, supra; Haight, supra; Abdur-Rahman, supra.* See also: *Robinson, supra; Abdullah, supra.* This conclusion is <u>not</u> altered by the fact that the fatally defective Complaint was filed by an inmate appearing *pro se*; the District Court was not required to conjure the necessary factual allegations to salvage Plaintiff's Complaint. *Estelle, supra; Grinter, supra; Martin, supra; Pilgrim, supra; Wells, supra; Doe v Cong. of U.S., supra; Werche, supra; Harbin-Bey, supra.*

Plaintiff-Appellant attempts, in vain, to avoid this conclusion by relying upon the decisions in Ackerman, supr*a, Cavin, supra,* and *Welch v Spaulding,* 627 Fed. Appx. 479, 2015 FED App. 0664N, 2015 U.S. App. LEXIS 17393 (6th Cir. No. 14-2050, 9/30/15).

The reliance upon *Welch* is completely misplaced since that case involved analysis of claims brought under the *Free Exercise Clause* of the *First Amendment* – and not distinct *RLUIPA* claims such as are at issue in this appeal. *Id*., 627 Fed. Appx. At 481-483. Additionally, and as the District Court below aptly noted, unlike the inmate in Welch, Plaintiff does not allege that he, personally (as opposed to "some" other unnamed Muslim inmates), suffered from malnourishment caused by the allegedly inadequate Ramadan meals [See: Complaint, Doc. #1, PgID 6; 7/27/21 Opinion and Order, Doc #17, PgID 219].

Plaintiff's reliance upon *Ackerman* and *Cavin* is equally misplaced because, unlike those cases, there are <u>no</u> sufficiently detailed allegations in Plaintiff's complaint which

establish that the Defendants Cooper and Damschroder, as distinct from numerous other named Defendants:

- <u>intentionally deprived</u> inmate Heyward of access to <u>any</u> nutritionally adequate and religiously permissible food; and/or,

- had the authority to <u>prevent</u> Heyward from breaking his Ramadan fast in community with other Muslim inmates.

Finally, there is absolutely no merit to Plaintiff-Appellant's cursory request, on appeal, that, in the event the Court of Appeals concludes that the District Court correctly determined that the *RLUIPA* claims against Cooper and Damschroder are facially implausible, then this Court should reverse and remand on the basis that Plaintiff was "unfairly deprived" of the opportunity to amend his Complaint to correct the pleading deficiencies.

Again, it is undisputed that Plaintiff did not respond in any fashion to the Defendants' Motion to Dismiss. In particular, Plaintiff never sought leave to amend his Complaint from District Court in response to the *Rule 12(b)(6)* motion and never provided the District Court with a proposed Amended Complaint. By raising the amendment issue for the first time on appeal, Plaintiff has waived review of arguments that the District Court committed reversible error by "failing" to allow amendment of the Complaint in "response" to the Defendants' *Rule 12(b)(6)* motions. *Haines v Ford Motor Carrier Safety Admin., supra; Overstreet, supra; Pilgrim, supra; ZF Menton, LLC, supra; Baxter, supra; KSA Enters, supra; Allstate Ins. Co., supra; Humphrey, supra.* This conclusion is not affected by the fact that Plaintiff appeared

*pro se*; the District Court was not obligated to counsel Plaintiff on the factual allegations needed to correct his defective complaint in order to avoid summary dismissal. *Pilgrim, supra; Akaazua, supra.*

This conclusion is especially warranted since Plaintiff's attack upon the District Court's purported "failure" or "refusal" to allow an amendment is not buttressed by any explanation of what could or should have been alleged in an amended complaint. It is well-established in this Circuit that, absent a formal motion to amend, accompanied by a proposed amended complaint, a plaintiff is not entitled to either an advisory opinion from a District Court outlining the deficiencies in a complaint or an opportunity to correct the pleading defects. *Beydoun v Sessions,* 871 F.3d 459, 469-470 (6th Cir. 2017); *Kuyat v BioMimetic Therapeutics, Inc.,* 747 F.3d 435, 444 (6th Cir. 2014); *Louisiana School Employees Ret. Sys. v Ernst & Young, LLP,* 622 F.3d 471, 486 (6th Cir. 2010); *Begala v PNC Bank, Ohio, N.A.* 214 F.3d 776, 783-784 (6th Cir. 2000).

Markedly, this Court has unequivocally rejected "bare" requests to reverse and remand to allow for amendment where, as here, the appellant had failed to properly seek amendment from the District Court and where, as here, the appellant also failed to articulate on appeal how the claims could have been salvaged. *Depasquale v Nationwide Mut. Ins. Co.,* 2022 FED App. 0143N, 2022 U.S. App. LEXIS 9243, *18-19 (6th Cir. No. 21-3467, 4/5/22); *U.S. ex rel. Roycroft v GEO Grp., Inc.* 722 Fed. Appx 404, 409, 2018 FED App. 0003N, 2018 U.S. App. LEXIS 85 (6th Cir. NO. 17-3521, 1/3/18), citing *Louisiana School Employees Ret.*

*Sys.* ["{plaintiff} failed on appeal to identify what she might plead to save her claim below or on appeal.  Instead, she relies on a bare request for another opportunity to do so.  Such a request is insufficient when made before a district court and it is insufficient here (emphasis supplied)"].

In sum, Plaintiff-Appellant has not presented <u>any</u> legally justification for reversing the District Court's summary dismissal of the *RLUIPA* claims against the Defendants Cooper and Damschroder pursuant to *Fed. R. Civ. Pro. 12(b)(6)*.

Therefore, and for all the reasons stated, the dismissal should now be affirmed on appeal. *Iqbal, supra; Twombly, supra; Shah, supra; Ryan, supra; SFS Check, LLC , supra; Smith, supra; Hardy-Clay, supra; Doe v Cong. of U.S., supra.*

## COUNTER-ARGUMENT III:

**PLAINTIFF HAS INDEPENDENTLY <u>WAIVED</u> APPELLATE REVIEW OF THE DISTRICT COURT'S DISMISSAL OF THE EQUAL PROTECTION CLAIMS AGAINST THE DEFENDANTS COOPER AND DAMSCHRODER BY PROFFERING PURELY PERFUNCTORY ARGUMENTS, HAS SEPARATELY <u>ABANDONED</u> ARGUMENTS OF REVERSIBLE ERROR BY FAILING TO CHALLENGE THE ORDER OF DISMISSAL ENTERED IN FAVOR OF THE DEFENDANTS COOPER AND DAMSCHRODER, PLUS, IN ANY EVENT, DISMISSAL WAS PROPER, AS A MATTER OF SETTLED LAW, BECAUSE PLAINTIFF FAILED TO ALLEGE, WITH THE REQUISITE FACTUAL DETAIL, THAT COOPER AND DAMSCHRODER <u>INTENTIONALLY</u> DISCRIMINATED AGAINST HIM**

Should the Court determine that the failure of the Plaintiff to respond to the Defendants Motion to Dismiss does not result in a waiver of all appellate challenges to the District Court's Opinion and Order of July 27, 2021, Doc. #17, there is still no valid basis for reversal of the District Court's decision to dismiss the claims of alleged *Equal Protection* violations on the part of the Defendants-Appellees Cooper and Damschroder.

First, Plaintiff has independently waived appellate review by proffering purely perfunctory attacks upon the dismissal of his *Equal Protection* claims.

There is no discussion in the Plaintiff-Appellant's Brief of the necessary elements of any *prima facie* religious discrimination case, in general.  More significant, there is no analysis of legal authority supporting the demanded conclusion that the District Court committed reversible error by determining that, notwithstanding allegations of disparate treatment, Plaintiff's claims were fatally defective given the absence of any allegations that the Defendants intentionally discriminated against Plaintiff Heyward on the basis of his religion.

It is well-established that issues referred to in a cursory manner without developed argumentation are deemed waived in this Circuit. *J.B-K., supra; Doe v Mich. State Univ., supra; U.S. v Johnson,* 440 F.3d 832, 846 (6th Cir. 2006); *McPherson v Kelsey,* 125 F.3d 989, 995-996 (6th. Cir. 1997)["It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to put flesh on its bones."].

Second, and as a distinct matter of appellate practice, Plaintiff has abandoned appellate review of the dismissal of the *Equal Protection* claims against Cooper and Damschroder.

While the Appellant's *Equal Protection* arguments are vaguely directed against "the Defendants", Plaintiff does not directly and explicitly challenge the distinct District Court Opinion and Order of July 27, 2021, Doc. #17, which separately dismissed the *Equal Protection* claims against Cooper and Damschroder – two employees of a private governmental contractor [App. Doc. #16 pp 27-28]. Instead, the arguments are absolutely limited to a challenge of the District Court's 8/11/22 Opinion and Order (Doc. #26) – which exclusively addresses the viability of Plaintiff's claims against the State of Ohio Defendants, only [Appellate Doc. #16, pp 27-28].

By failing to take specifically take issue in his Appellant's Brief with the 7/27/22 Opinion and Order dismissing the *Equal Protection* claims against the Defendants Cooper and Damschroder, Plaintiff-Appellant Heyward has abandoned appellate review over this particular order. *J.B-K., supra; Doe v Mich. State Univ., supra; Rose, supra.*

In short, the Court of Appeals may summarily affirm the District Court's Opinion and Order of July 27, 2021 on the bases of waiver and/or abandonment.

Third, and in any event, the summary dismissal should be affirmed because, as a matter of law, the District Court correctly concluded that Plaintiff's claims of *Equal Protection* violations are fatally defective.

The *Equal Protection Clause* of the *Fourteenth Amendment* prohibits state actors from denying the equal protection of the laws to any person within the state's jurisdiction.  *U.S. Const. amend XIV, §1; Maye v Klee,* 915 F.3d 1076, 1085 (6th Cir. 2019).  The protections afforded under this constitutional clause apply to inmates in custodial institutions.  *Wolff v McDonald,* 416 U.S. 539, 556, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974); *Brand v Motley,* 526 F.3d 921, 924 (6th Cir. 2008).

To state facially plausible *Equal Protection* claims, a prisoner plaintiff must allege sufficiently detailed facts which establish that a state actor <u>intentionally</u> discriminated against him because of membership in a protected class.  *Vill. of Arlington Hgts. v Metro Hous. Dev. Corp.,* 429 U.S. 252, 264-265, 97 S.Ct. 555, 50 L.Ed.2d 450 (1977), *Maye, supra; Brand,* 526 F.3d at 924; *Hernandez v Simmons,* 2020 U.S. App. LEXIS 29233, *10 (6th Cir. No. 19-5344, 9/14/20) [affirming dismissal of inmate's *Equal Protection* claims for failing to plead intentional discrimination where there were no allegations that the defendants made overt discriminatory comments or that defendants had decision-making authority over the adverse action]; *Robinson, supra,* 615 Fed. Appx. at 314-315 [affirming dismissal of Muslim inmate's *Equal*

*Protection* claims where there were no allegations that the defendants intentionally or purposely denied a diet consistent with religious requirements].

It is also firmly established that allegations of differential or disadvantageous treatment or impact, alone, will not perfect claims of *Equal Protection Clause* violations. *Vill. of Arlington Hgts, supra; Maye, supra; Spurlock v Fox,* 716 F.3d 383, 397 (6th Cir. 2013).

Additionally, the intentional discrimination requirement is not met where an inmate's complaint confirms that prison officials made reasonable accommodations, in the context of a custodial setting, which allowed for the religious practices at issue, even if the inmate was not entirely satisfied with the accommodations, on their own, or as compared to the accommodations afforded other religions. *Thompson v Commonwealth of Ky.,* 712 F.2d 1078, 1081-1082 (6th Cir. 1983); *Abdullah, supra,* at *5.

As in all cases where a defendant is sued under in his/her individual capacity for alleged constitutional violations, that defendant is solely liable for his/her own *Equal Protection Clause* violations. *Shah, supra,* at *9; *Heyerman v County of Calhoun,* 680 F.3d 642, 647 (6th Cir. 2012).

In this case, Plaintiff repeatedly complains that, with respect to the ability of Muslim inmates to observe the religiously significant days of Ramadan, these inmates were unfairly treated as compared to the ability of similarly situated inmates to observe days deemed religiously significant by other and different organized religions [Complaint, Doc. #1, PgID 4-6]. However, these allegations, alone, do not satisfy the test for facially plausible *Equal*

*Protection* claims. *Vill. of Arlington, supra; Maye, supra; Spurlock, supra.* Rather, Plaintiff was obliged to allege, with sufficient factual detail, that the Defendants Damschroder and Cooper, as specifically distinguished from the other Defendants, intentionally discriminated against Plaintiff on the basis of his Muslim religion. *Vill. of Arlington, supra; Maye, supra; Brand, supra; Shah, supra; Heyerman, supra, Iqbal, supra; Twombly, supra; Ryan, supra; Doe v Cong. of U.S., supra; Werche, supra; Grinter, supra; Martin, supra.* Plaintiff utterly failed to satisfy the requisite pleading requirements.

In particular, there are no allegations within the Complaint that Damschroder and/or Cooper uttered disparaging comments regarding the Muslim religion and/or its practices and/or observances.

With respect to the Defendant Allysa Damschroder, there are also no allegations that she, as an administrative kitchen assistant and employee of a private governmental contractor, had any decision-making authority over whether, to what extent, and how Muslim inmates would be permitted to observe Ramadan in the prison setting. In particular, there are no allegations that Damschroder, as a private administrative kitchen assistant, had decision-making authority over the specific areas of alleged adverse prison action related to:

- the content, preparation, security, and service of the Ramadan meals; and/or,

- where and with whom the Muslim inmates were allowed to break their fast in the evening.

39

With respect to the Defendant Heather Cooper, there are likewise <u>no allegations</u> that she, as the food service director and employee of a private governmental contractor, had any decision-making authority over the specific areas of alleged adverse prison action related to:

- whether, to what extent, and how Muslim inmates would be permitted to observe Ramadan in the prison setting, in general;

- the specific area of alleged discrimination related to security of the Ramadan meals and/or,

- the specific areas of alleged discrimination related to where and with whom the Muslim inmates were allowed to break their fast in the evening.

Furthermore, and significantly, there are <u>no allegations</u> that Damschroder and/or Cooper – as distinct from any other named Defendant – purposely or deliberately or intentionally discriminated against Plaintiff Heyward on the basis of his Muslim religion. Certainly, no effort is made within the perfunctory arguments proffered by Plaintiff-Appellant to identify the allegations of intentional discrimination on the part of Damschroder and/or Cooper.

Finally, to the extent that Plaintiff has perfected claims of intentional discrimination against any other Defendant, this unconstitutional behavior cannot be imputed to Damschroder and/or Cooper so as to salvage Plaintiff's claims against them. *Shah, supra; Heyerman, supra.*

The bottom line is that Plaintiff's Complaint simply failed to state plausible claims of *Equal Protection Clause* violations upon which relief can be granted under controlling law. *Vill. of Arlington Hgts, supra; Wolff, supra; Maye, supra; Spurlock, supra; Brand, supra; Thompson, supra.* See also: *Hernandez, supra; Robinson, supra; Abdullah, supra.* This conclusion is not altered by the fact that the fatally defective Complaint was filed by an inmate appearing *pro se*; once more, the District Court was not required to conjure the necessary factual allegations to salvage Plaintiff's Complaint. *Estelle, supra; Grinter, supra; Martin, supra; Pilgrim, supra; Wells, supra; Doe v Cong. of U.S., supra; Werche, supra; Harbin-Bey, supra.*

Therefore, the District Court correctly dismissed the *Equal Protection* claims filed against the Defendants Damschroder and Cooper and, if reviewed, this decision should be affirmed on appeal. *Iqbal, supra; Twombly, supra; Shah, supra; Ryan, supra; SFS Check, LLC , supra; Smith, supra; Hardy-Clay, supra; Doe v Cong. of U.S.*

## CONCLUSION AND RELIEF REQUESTED

For the reasons stated, the Defendants-Appellees Allysa Damschroder and Heather Cooper respectfully request this Honorable Court to affirm the Opinion and Order entered by the District Court on January 27, 2021 (Doc. #17) granting the Defendants' Motion to Dismiss filed pursuant to *Fed. R. Civ. Pro. 12(b)(6).*

Respectfully submitted,

*/s/ Michelle A. Thomas (P35135)*
Dickie, McCamey & Chilcote, P.C.
Attorneys for the Defendants-Appellees
Damschroder and Cooper
89 Kercheval Avenue
Grosse Pointe Farms, MI  48236
313.308.2041 (phone)
888.811.7144 (fax)
mathomas@dmclaw.com

Dated:  April 18, 2023

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to *Fed. R. of App. Pro. 32(g)(1)* and  *6 Cir. R. 32,* Michelle A. Thomas certifies that the Corrected Brief on Behalf of the Defendants-Appellees, Heather Cooper and Allysa Damschroder complies with *Fed. R. of App. Pro. 32(a)(5)(A)* and *(7)(B)(i)* because it contains 9,685 words of proportionally spaced face in 14 point font, as generated by Word 2016.

Respectfully submitted,

*/s/ Michelle A. Thomas (P35135)*
Dickie, McCamey & Chilcote, P.C.
Attorneys for the Defendants-Appellees
Damschroder and Cooper
89 Kercheval Avenue
Grosse Pointe Farms, MI  48236
313.308.2041 (phone)
888.811.7144 (fax)
mathomas@dmclaw.com
P35135

No. 22-3781

---

**IN THE UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

---

LYLE HEYWARD,

Plaintiff-Appellant,

v.

HEATHER COOPER, ET AL,

Defendants-Appellees.

---

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of April, 2023, I caused the Corrected Brief on Behalf of the Defendants-Appellees Heather Cooper and Allysa Damschroder to be sent to all counsel of record through the electronic case filing (ECF) system of this Court, which serves copies of filed pleadings on counsel of record through email notification.

Respectfully submitted,

*/s/ Michelle A. Thomas (P35135)*

Dickie, McCamey & Chilcote, P.C.
Attorneys for the Defendants Damschroder
  and Cooper
89 Kercheval Avenue
Grosse Pointe Farms, MI  48236
313.308.2041 (phone)
888.811.7144 (fax)
mathomas@dmclaw.com
P35135

16196618.1

**<u>ADDENDUM TO APPELLEES' CORRECTED BRIEF FILED ON BEHALF OF THE DEFENDANTS</u>**
**<u>ALLYSA DAMSCHRODER AND HEATHER COOPER</u>**

**DESIGNATION OF DISTRICT COURT DOCUMENTS**

| Date: | Title: | Doc. #: | PgID: |
|---|---|---|---|
| 10/25/19 | Complaint | 1 | 1-19 |
| 9/28/20 | Order | 6 | 148-149 |
| 1/6/21 | Order | 14 | 188-189 |
| 1/21/21 | Motion to Dismiss on behalf of the Defendants Cooper and Damschroder | 15 | 190-206 |
| 4/12/21 | Plaintiff's Motion for Order to Show Cause | 16 | 207-211 |
| 7/27/21 | Opinion and Order Granting Motion to Dismiss on behalf of the Defendants Cooper and Damschroder | 17 | 213-223 |
| 8/16/21 | Motion to Dismiss on behalf of the State of Ohio Defendants | 21 | 230-270 |
| 8/11/22 | Opinion and Order Granting Motion to Dismiss on behalf of the State of Ohio Defendants | 26 | 314-327 |
| 8/11/22 | Judgment | 27 | 328 |
| 9/6/22 | Notice of Appeal | 28 | 329 |

16166922.1

I